UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

RICHARD COOLEY, et al.,

      Plaintiffs,

v.

STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY, et al.,

      Defendants.

No. 1:22-CV-046-H

## ORDER

Before the Court is the plaintiffs' Motion for Leave to File Second Amended Complaint. Dkt. No. 26. Defendant State Automobile Mutual Insurance Company removed this case on the basis of improper joinder, pointing out that the plaintiffs' only claim against the in-state defendants—negligent claims handling—is not recognized under Texas law. The plaintiffs now seek leave to add new claims against these defendants. But under Fifth Circuit precedent, the Court cannot consider new claims added post-removal when assessing its jurisdiction. Because the plaintiffs' state-court petition did not state a valid claim against them, the in-state defendants were improperly joined. Because the Court lacks jurisdiction over nondiverse parties, the motion is denied and plaintiffs' claims against Aneesa Bacon and Insurance Solutions of Abilene are dismissed without prejudice.

## 1.     Procedural Background

The plaintiffs filed suit in state court against Aneesa Bacon and Insurance Solutions of Abilene (the agent defendants) and State Auto. Dkt. No. 1-1. State Auto removed, claiming the agent defendants were improperly joined because Texas law does not recognize the only cause of action asserted against them. Dkt. No. 1 at 5–6. The plaintiffs agree that Texas does not recognize negligent claims handling as a cause of action. Dkt. No. 13 at 3.

After some time, and without filing a motion to remand, the plaintiffs sought leave to amend their complaint to allege new claims of misrepresentation against the agent defendants.  Dkt. No. 12.

The Court denied the motion because the new complaint still did not state a valid claim against the agent defendants.  Dkt. No. 23.  Specifically, the DTPA and Insurance Code misrepresentation claims did not satisfy the pleading requirements of the Federal Rules of Civil Procedure.  *Id.* at 5–8.  The Court gave the plaintiffs another chance to attempt to state a claim against the agent defendants (*Id.* at 8), and the plaintiffs subsequently filed a Motion for Leave to File Second Amended Complaint (Dkt. No. 26).[1] State Auto responded (Dkt. No. 28), and the agent defendants joined in the response.  Thus, with the time to file a reply passed (*see* Loc. Civ. R. 7(f)), the motion is ripe for review.

## 2.   Legal Standards

Generally, a case may not be removed if one of the defendants is a citizen of the forum state.  28 U.S.C. § 1441(b).  But Section 1441(b) limits the rule to those who are "properly joined and served as defendants."  *Id.*  The "properly joined" language recognizes that a defendant may remove a case when the forum defendant is improperly joined.

The in-state defendant is improperly joined if the movant can show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  In *Smallwood*, the en banc court explained that the relevant question in determining the plaintiff's ability to state a claim is whether "there is no possibility of recovery" or "no reasonable basis for the

---

[1] For purposes of clarity, the Court notes that the motion seeks leave to file a first amended complaint, as no valid amendment to the state-court petition has been approved.

district court to predict that the plaintiff might be able to recover." *Id.*  Additionally, "[a] mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Id.* at 573 n.9 (internal citation omitted).  Typically, the district court conducts "a Rule 12(b)(6)-type analysis" but can permit discovery, consider evidence, and conduct summary proceedings if necessary.  *Id.* at 573.

However, as addressed in State Auto's Response, the Court is barred from considering post-removal amendments when assessing jurisdiction.  *See, e.g.*, *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 259–60 n.8 (5th Cir. 1999).  It is an uncontested principle of law that diversity jurisdiction is assessed "against the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Grp., L.P.*, 541 U.S. 567, 571 (2004).  As a result, "[j]urisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction." *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015).  This time-of-filing rule has been applied to the amount-in-controversy requirement,[2] the citizenship of parties,[3] and the presence of federal claims.[4]  It also applies to the post-removal amendment and factual supplementation of claims brought against in-state defendants.  *See, e.g.*, *Cavallini*, 44 F.3d at 259.

---

[2] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[S]ubsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction.").

[3] *Grupo Dataflux*, 541 U.S. at 582 (holding that a limited partnership's change of citizenship post-removal has no effect on jurisdiction).

[4] *Spear Mktg., Inc.*, 791 F.3d at 592 ("It is this court's established precedent that once a case is properly removed, the district court retains jurisdiction *even if* the federal claims are later dropped.").

3.    **Analysis**

    A.    **The agent defendants were improperly joined.**

Given Fifth Circuit precedent and the live pleading at the time of removal, it is clear that the plaintiffs improperly joined the agent defendants.  The Fifth Circuit requires district courts to look only to the claims presented in the live pleading at the time of removal.  *See, e.g.*, *id.* at 263; *Akerblom v. Ezra Holdings Ltd.*, 509 Fed. App'x 340, 344 (5th Cir. 2013) ("[P]ost-removal filings may be considered only to the extent they amplify or clarify facts alleged in the state-court complaint, with new claims or theories of recovery disregarded.") (collecting cases), *abrogated on other grounds by Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 201 (5th Cir. 2016).

And district courts follow this instruction rigidly.  For example, this court faced a similar request by a plaintiff whose case had been removed on the basis of improper joinder. *Excel Mktg. Sols., Inc. v. Direct Fin. Sols., LLC*, No. 3:11-CV-109-D, 2011 WL 1833022, at *4 (N.D. Tex. May 13, 2011) (Fitzwater, J.).  Judge Fitzwater rejected the plaintiff's attempt to amend itself out of the court's jurisdiction: "Excel asks that, in the event that the court denies its motion to remand, the court permit Excel to amend its petition to assert a claim on which relief can be granted against OIX and thus defeat removal.  But the court should not evaluate the propriety of removal based on an amended complaint."  *Id.*; *see also Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at *3 (N.D. Tex. July 12, 2010) (Fitzwater, J.) ("[T]he court must look to the live pleadings at the time of removal.") (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

Here, looking only to the live pleading at the time of removal, the plaintiffs have failed to state a claim against the agent defendants.  The Court previously acknowledged

this reality (Dkt. No. 23 at 7), and the plaintiffs agree (Dkt. No. 13 at 3) ("As Defendant

State Auto points out[,] Texas law does not recognize a cause of action for negligent claims

handling."). Thus, as a simple application of the *Cavallini* principle, the Court may not

consider any claims added by amendment, and therefore amendment is futile. The agent

defendants were improperly joined, and the Court may not assert jurisdiction over the

claims against them other than to dismiss the claims without prejudice.

### B.     The amount-in-controversy requirement is satisfied by the plaintiffs' live pleading at the time of removal.

The plaintiffs also argue that the Court lacks jurisdiction because their state-court

complaint asks for only $74,532.48. Dkt. No. 22 at 2–3. But "[i]f a state statute provides for

attorney's fees, such fees are included as part of the amount in controversy." *Manguno*, 276

F.3d at 723. Breach of contract, the first claim brought in the plaintiff's state-court petition,

is a claim for which attorneys' fees are provided by state law. Tex. Civ. Rem. & Prac. Code

§ 38.001; *see also Grapevine Excavation, Inc. v. Md. Lloyds*, 35 S.W.3d 1, 5 (Tex. 2000) (holding

that insurers are liable for breach-of-contract attorney's fees "unless the insurer is liable for

attorney's fees under another statutory scheme" in spite of Section 38.006's text). Thus, the

amount-in-controversy requirement is met.

### C.     Dismissal without prejudice is the proper remedy.

While the question of whether a district court may consider new claims added post-

removal in assessing its jurisdiction is clear in the Fifth Circuit, courts are somewhat divided

in how they dispose of improperly joined defendants. *Compare MIL (Invs.) SARL v. Inco Ltd.*,

No. 3-02-CV-1879-G, 2002 WL 32319011, at *2 (N.D. Tex. Oct. 29, 2002) (Fish, C.J.)

("Rule 21 on its face vests district courts with the authority to dismiss improperly joined

parties . . . ."), *with Excel Mktg. Sols.*, 2011 WL 1833022, at *1 ("[T]he court holds that the

Texas citizen defendant has been improperly joined . . . and that plaintiff's action against that defendant must be dismissed with prejudice."), *and with Marsh v. U.S. Bank, N.A.*, No. SA-21-CV-321-XR, 2021 WL 2227391, at *4 (W.D. Tex. June 1, 2021) ("[T]he only ground for dismissing any improperly joined, nondiverse party is lack of subject matter jurisdiction.") (quoting *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 210).

The Court agrees with those decisions that dismiss claims against nondiverse defendants for lack of subject matter jurisdiction. "When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice. If subject matter jurisdiction is based on diversity, a court never has jurisdiction over a nondiverse party." *Int'l Energy Ventures*, 818 F.3d at 209. Here, the Court lacks jurisdiction, and the proper remedy is dismissal for lack of jurisdiction.

**4.      Conclusion**

Thus, any amendment to the claims against the agent defendants is futile, and the agent defendants are improperly joined. The Court denies the motion for leave to file an amended complaint (Dkt. No. 26) and dismisses without prejudice all claims against Aneesa Bacon and Insurance Solutions of Abilene.

So ordered on November 16, 2022.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE