UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| RICHARD COOLEY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE AUTOMOBILE MUTUAL<br>INSURANCE COMPANY, et al.,<br><br>    Defendants. | No. 1:22-CV-046-H |

### ORDER

Before the Court is State Automobile Mutual Insurance Company's Motion for Summary Judgment. Dkt. No. 39. State Auto asks the Court to grant it summary judgment as to the breach-of-contract and negligence claims brought by Richard Cooley, Judy Cooley, and JR Cooley Management, LLC, as general partner of RJC Farms, LP, a Texas Limited Partnership (collectively, the "Cooleys"). It also asks the Court to grant summary judgment as to the Cooleys' request for attorneys' fees. Because the operative insurance policy expressly excludes the property damage involved in this case, and there is no applicable exception, the Court grants State Auto summary judgment on the breach-of-contract claim. The Court also grants summary judgment as to the Cooleys' negligence claim because Texas law does not recognize a cause of action for negligent claim-handling, and State Auto had a reasonable basis to deny their claim. The Cooleys are also not entitled to attorneys' fees because both of their claims fail to raise a genuine dispute as to a material fact. Therefore, the Court grants State Auto's Motion for Summary Judgment (Dkt. No. 39) in its entirety. A final judgment will issue separately.

1

1. **Factual and Procedural Background**

This case concerns whether damage to the Cooleys' 2013 Kawasaki 70Z7 Wheel Loader (the "Kawasaki") is covered under an insurance policy issued by State Auto. The Kawasaki is a four-wheeled unit of heavy machinery used in construction and farming operations. *See* Dkt. No. 40 at ¶ 6. The insurance policy at issue is a farm and ranch policy (the "Policy"). Dkt. No. 41 at 6. The Policy contains a "Special Perils to Farm Machinery" section, which expressly excludes coverage for any damage or loss caused by mechanical or electrical breakdown or failure, unless an exception applies. Dkt. No. 41 at 37. Physical damage to covered property that is the direct result of an accident is an exception to the exclusion. Dkt. No. 41 at 86. But a vehicle, defined as "any machine or apparatus that is used for transportation or moves under its own power," is not covered property under this exception. *Id.* at 85–86.

In March 2021, the Kawasaki stopped working due to a mechanical problem. Dkt. No. 1-1 at ¶ 11. The Cooleys contacted Abilene Equipment Center to investigate the issue, and Abilene Equipment Center found that the Kawasaki's transmission failed because of the presence of water in the transmission. Dkt. No. 43 at ¶ 5. The Cooleys then filed a claim with their local insurance agent. *Id.* at ¶ 6; Dkt. No. 40 at ¶ 8–9. They also filed a report regarding the damage to the Kawasaki with the Jones County Sheriff's Office. Dkt. No. 41 at 111–12.

The insurance agent filed the claim with State Auto about a week later. Dkt. No. 43 at ¶ 7; Dkt. No. 40 at ¶ 9. Then, a representative of State Auto contacted Zack Smith, a representative of Abilene Equipment Center, to discuss the Kawasaki. Dkt. No. 43 at ¶ 8; Dkt. No. 40 at ¶ 10. During this call, State Auto learned that the Kawasaki had been

shipped out for repairs. Dkt. No. 43 at ¶ 8; Dkt. No. 40 at ¶ 10. In April 2021, State Auto sent the Cooleys a Reservation of Rights letter. Dkt. No. 41 at 118–20. State Auto then received a ZFVH Warranty Inspection Report, which detailed the damage to the Kawasaki, including pictures of the damaged transmission. *Id.* at 121–36. State Auto subsequently denied the Cooleys' claim. *Id.* at 137–39.

The Cooleys filed a petition in state court against State Auto, alleging claims for breach-of-contract and negligence arising from State Auto's denial of their insurance claim. Dkt. No. 1-1. State Auto removed the action to this Court based on diversity jurisdiction. Dkt. No. 1 at 2. State Auto seeks summary judgment. Dkt. No. 39. Specifically, State Auto asks the Court to grant summary judgment as to both the Cooleys' breach-of-contract and negligence claims and deny the Cooleys' claim for attorneys' fees. Dkt. No. 40 at ¶¶ 21–43. Regarding the breach-of-contract claim, State Auto contends that the Cooleys failed to establish a covered event under the relevant insurance policy, because (1) they cannot establish a covered loss; (2) they cannot establish that their loss occurred during the policy period; (3) the policy expressly excludes the Cooleys' claimed damages; and (4) even if their loss were covered, Plaintiff breached material policy conditions, and therefore relieved State Auto of its duty to provide coverage.[1] *Id.* at ¶¶ 21–42. State Auto also urges the Court to grant summary judgment on the Cooleys' negligence claim because Texas law does not recognize a cause of action for negligent claim-handling. *Id.* at ¶ 43.

The Cooleys object to three of State Auto's exhibits: (1) the Declaration of Patrick Kelly; (2) State Auto's activity log; and (3) the Kawasaki 70Z7 Operation and Maintenance

---

[1] Because the Court concludes that the Policy expressly excludes the Kawasaki's damage, *see infra* Section 3.B, it does not address the other issues raised by State Auto.

Manual. Dkt. No. 43 at ¶¶ 13–18. The Motion for Summary Judgment (Dkt. No. 39) is ripe for this Court's review.

## 2.     Summary Judgment Standards

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020). The moving party "bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact," *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (citation omitted), and "identify[ing] those portions of [the record] which it believes demonstrate [that] absence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In evaluating a summary-judgment motion, the Court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). "[A] fact is material if its resolution could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (citation and quotation marks omitted). The Court must consider materials cited by the parties, but it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

"Where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of

demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 301–02 (5th Cir. 2020) (citation and quotation marks omitted). The movant, however, does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994)). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) (quotation marks omitted).

When the moving party has met its burden, "the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Rather, the nonmovant must identify specific evidence in the record and articulate how the evidence supports its claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014); *see also* Fed. R. Civ. P. 56(c)(1)(A). "This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation and quotation marks omitted). Additionally, Rule 56 does not impose a duty on the Court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

"A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164

5

(5th Cir. 2006) (internal quotation marks omitted).  If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322–23.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (cleaned up).

3. Analysis

    A. Objections to Summary Judgment Evidence

        i. Declaration of Patrick Kelly

Patrick Kelly is a Claims Team Manager for Farm and Ranch Claims for the Liberty Mutual family companies, including State Auto, and he was involved in processing the Cooleys' claim.  Dkt. No. 41 at 3–5.  The Cooleys object to the inclusion of Kelley's declaration because State Auto did not identify him as an expert witness, and it is also inadmissible hearsay.  Dkt. No. 43 at ¶¶ 14–15.  Regarding the failure to designate Kelly as an expert witness, State Auto responds that Kelly is not an expert witness but instead is a fact witness with personal knowledge.  Dkt. No. 46 at ¶ 3–5.

The Court agrees.  Kelly's declaration does not provide any technical opinion that would require expert knowledge.  Dkt. No. 41 at 3–5.  His declaration contains information about the facts, timeline, and claim-processing in this case.  *Id.*  It is clear from the content of Kelly's declaration, because it contains only facts based on Kelly's personal knowledge of the Cooleys' claim, that he is not an expert witness and need not be designated as one.  *See id.*

As for the Cooleys' hearsay objection, the Cooleys object to Kelly's declaration in its entirety for two reasons. Dkt. No. 43 at ¶¶ 14–15. First, the Cooleys state that State Auto cites to the declaration for the proposition that the Cooleys' claim was reported to the Jones County Sheriff's Office before it was reported to State Auto. *Id.* State Auto responds that Kelly simply interprets a document and does not repeat any statement. Dkt. No. 46 at ¶¶ 6–7. It also notes that this timeline is consistent with the Cooleys' recitation of the facts in their response brief. *Id.* Second, the Cooleys contend that this declaration is hearsay because it contains State Auto's activity log, which they argue is hearsay within hearsay because they could not cross-examine the individuals making the statements within the activity log. Dkt. No. 43 at ¶¶ 14–15. In response, State Auto says that the declaration only references the activity log—it does not "contain" it—and the activity log falls within the business-records exception. Dkt. No. 46 at ¶¶ 6–7. State Auto also notes that the Cooleys do not identify specific hearsay statements. *Id.* at ¶ 8.

An affidavit or declaration may be used to support or oppose a motion if it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A court cannot consider hearsay evidence within the affidavit or declaration. *See Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987). Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

Here, the information in Patrick Kelly's declaration regarding State Auto's activity log is not hearsay because there is no out of court statement involved. The declaration

discusses the existence of the activity log, but it does not offer any statement from the log for the truth of the matter asserted. *See* Dkt. No. 41 at 3–5. Likewise, regarding the sheriff's report, the declaration simply says: "[i]t appears that prior to the time the Claim was reported to State Auto, plaintiff Richard Cooley contacted the Jones County Sheriff's Office to report water damage to the transmission of a 2013 Kawasaki wheel loader." *Id.* at 4. Kelly discusses the timing of the Jones County Sheriff's report, but it is not an out of court statement offered for its truth. *See id.* Because the Cooleys have not shown that the declaration contains any out of court statements offered for the truth of the matter asserted, the Court overrules the objection to Patrick Kelly's declaration.

      ii.      State Auto's Activity Log

The Cooleys also object to the inclusion of State Auto's Activity Log because it is inadmissible hearsay. Dkt. No. 43 at ¶ 16. They argue that State Auto cites to conversation summaries of various individuals to establish that it reasonably investigated the Cooleys' insurance claim. *Id.* State Auto responds that the activity log itself is admissible under the business records exception to the rule against hearsay. Dkt. No. 46 at ¶ 9. State Auto further explains that it cites the activity log not to prove that the information is true but to show that it received certain information that put it on notice that the Kawasaki was unavailable to inspect. *Id.* at ¶¶ 11–12.

The Cooleys fail to identify specific hearsay statements within the activity log and instead argue that the entire log is hearsay. Dkt. No. 43 at ¶ 16. While some of the statements could be hearsay, State Auto makes a valid argument that not all of the statements within the log are being offered for their truth. Dkt. No. 46 at ¶ 11–12. The activity log, however, does not affect the Court's analysis of the breach-of-contract or

8

negligence claims. *See infra* Sections 3.B; 3.C. Therefore, the Court will not unnecessarily wade through the activity log to determine whether each statement is hearsay; rather, the objection is considered moot because the Court's analysis does not rely on the activity log or any citations to it.

### iii.   Kawasaki 70Z7 Operation and Maintenance Manual

The Cooleys also object to the inclusion of the Kawasaki 70Z7 Operation and Maintenance Manual. Dkt. No. 43 at ¶ 17. They state that the Manual is hearsay because State Auto relies on it to support its assertion that there was a warning indicating not to spray high pressure water near the oil cap. *Id.* The Cooleys also contend that the Manual is unauthenticated. *Id.* In response, State Auto asserts that it does not cite the Manual to prove the validity of the warning; rather, it was to show that the Cooleys' expert, Randall Franke, could not say one way or another whether high-pressure water was ever sprayed in the vicinity of the Kawasaki. Dkt. No. 46 at ¶ 17. State Auto also responds that the Manual is authentic summary-judgment evidence because the Cooleys (1) have not previously disputed its authenticity; (2) have affirmatively represented that the document is "the Operation and Maintenance Manual for the Kawasaki wheel loader;" and (3) have produced an expert report in which Plaintiffs' expert relies upon the Manual in order to render his opinions. *Id.* at ¶¶ 14–16.

"At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form." *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017). It is sufficient that the evidence would be capable of being presented in a form that is admissible in evidence at a trial. *Id.* Here, the Manual could be admissible evidence if a witness with knowledge testified to its authenticity, for instance. *See* Fed. R. Evid.

9

901(b)(1). It is capable of being admissible evidence and, therefore, could be proper to consider for purposes of summary judgment.

However, the Manual could be inadmissible hearsay evidence. The warning at issue in this objection states that damage can result if water is sprayed near the Kawasaki's transmission. The Cooleys' expert, Randall Franke, Mr. Franke established that he used the Manual to form his opinions, Dkt. No. 41 at 218, and State Auto asked if he could say for certain whether high-pressure water was ever sprayed in the vicinity of the Kawasaki. *Id.* at 213–15. State Auto says the Manual is offered to show that Mr. Franke could not say whether the warning had been heeded, not to prove the validity of the warning. Dkt. No. 46 at ¶ 17. For this limited purpose, this warning in the Manual could be admitted for a non-hearsay purpose. But the Manual, if considered for other reasons, could be hearsay; it is a context-dependent inquiry. The Court overrules this objection for the limited non-hearsay purpose described by State Auto, but the Court does not consider the Manual for any other purpose. The Manual plays little to no role in the Court's analysis. *See infra* Sections 3.B; 3.C.

    **B.**    **The Cooleys' breach-of-contract claim fails because the Policy expressly excludes the Kawasaki's damage.**

The Court grants State Auto summary judgment on the breach-of-contract claim because the Policy expressly excludes the Cooleys' claimed damage. To interpret the Policy language, Texas law governs the rules of contract interpretation. *Playa Vista Conroe v. Ins. Co. of the W.*, 989 F.3d 411, 414–15 (5th Cir. 2021). Under Texas law, the insured must first establish coverage under the operative policy. *Id.* at 415 (citing *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010)). If the insured proves coverage, then the insurer must show that the loss is excluded by the policy. *Id.* If an

10

exclusion applies, the insured must establish that there is an exception that brings the claim back within coverage. *Id.*

Here, the Policy excludes mechanical breakdown to farm machinery unless there is an exception. Dkt. No. 41 at 37. The Kawasaki's damage resulted from a mechanical issue because there was water in the transmission, so it falls squarely into this exclusion, and there is no applicable exception. The Kawasaki's damage is, therefore, expressly excluded by the Policy.

The parties agree that the Kawasaki's damage resulted from a mechanical problem due to water in the transmission. Dkt. No. 40 at ¶ 23; Dkt. No. 43 at ¶ 5; Dkt. No. 48 at ¶ 1. They also agree that the Policy provides coverage to "farm machinery" under Coverages E and F. Dkt. No. 1-1 at ¶ 10; *see* Dkt. No. 48 at ¶ 3. The question is whether this specific damage to the Kawasaki is covered by the Policy.

The "Special Perils to Farm Machinery" section of the Policy states:

> We will cover direct physical loss of or damage to "farm machinery" covered under Coverages E and F when shown in the Declarations of this policy: We will not cover any damage or loss . . . caused by wear and tear, gradual deterioration, inherent vice, mechanical or electrical breakdown or failure, corrosion, rust, dampness, or freezing, unless such damage is the result of other loss covered by this Policy.

Dkt. No. 41 at 37. State Auto asserts that because the Kawasaki's damage resulted from a mechanical breakdown, the Policy expressly excludes coverage on that basis. Dkt. No. 40 at ¶¶ 39–41.

The Cooleys contend that although the Kawasaki's damage resulted from a mechanical issue, there is an exception because that damage is the result of other loss covered by the Policy. Dkt. No. 43 at ¶¶ 33–38. Specifically, the Cooleys point to the "Equipment Breakdown Coverage" section of the Policy that states "Equipment Breakdown

11

insurance is specifically designed to pay for repair or replacement of equipment due to breakdowns caused by risks such as: Mechanical breakdown." *Id.* at ¶ 36; Dkt. No. 41 at 9. This section provides that State Auto "will pay for direct physical damage to covered property that is the direct result of an 'accident.'" Dkt. No. 43 at ¶ 37; Dkt. No. 41 at 86. An accident is defined as "a fortuitous event that causes direct physical damage to 'covered equipment.'" Dkt. No. 43 at ¶ 37; Dkt. No. 41 at 85. Thus, the Kawasaki must be "covered equipment" contemplated by the Equipment Breakdown Coverage section of the Policy for this exception to apply.

The Equipment Breakdown Coverage section of the Policy defines covered equipment as "covered property: (1) that generates, transmits or utilizes energy; or (2) which, during normal usage, operates under vacuum or pressure, other than the weight of its contents." Dkt. No. 43 at ¶ 38; Dkt. No. 41 at 85. Importantly, this section expressly states that a "vehicle" is not covered equipment. Dkt. No. 41 at 85. It defines a vehicle as "any machine or apparatus that is used for transportation or moves under its own power." *Id.* at 86.

Here, the Kawasaki is clearly a machine that moves under its own power. During his deposition, plaintiff Richard Cooley stated that when the Kawasaki broke down, someone "was *driving* it." *Id.* at 151. In fact, he stated they were driving it up the road for about three miles. *Id.* Because the Kawasaki is a machine that operates under its own power, it is a vehicle that is not "covered equipment."[2] Therefore, the accident exception

---

[2] Prior decisions of this Court and Texas state courts have also referred to a wheel loader, like the Kawasaki, as a vehicle. *See Lee v. Davis*, No. 4:14-CV-928-A, 2016 WL 4064032, *1 (N.D. Tex. July 27, 2016); *see also Caterpillar Tractor Co. v. Boyett*, 674 S.W.2d 782, 785 (Tex. App.—Corpus Christi-Edinburg 1984, no writ).

under Equipment Breakdown Coverage Section of the Policy cannot provide coverage for the Kawasaki's damage.

The Cooleys do not address any other exception in their response in opposition of State Auto's Motion for Summary Judgment, and the record does not support any other exception. *See* Dkt. No. 43. Even if the Cooleys proceeded with their original vandalism theory, which they seem to abandon in their response, they have not identified any evidence supporting the alleged vandalism. *See id*. The Policy covers direct loss or damage to property that occurs because of vandalism. Dkt. No. 41 at 31. Thus, if vandalism caused a mechanical failure, then that damage could be an exception to the exclusion. But the alleged vandalism must be supported by evidence to survive a motion for summary judgment.

The Cooleys' allegation that someone vandalized the Kawasaki is an unsubstantiated assertion. First, they do not identify or articulate how any evidence supports this allegation. *See* Dkt. No. 43. In fact, in their response brief, they argue that the Kawasaki's damage was an accident and seem to abandon the vandalism theory altogether. *See id.* at ¶¶ 35–38. Second, the Cooleys' only potential evidence in support of their vandalism theory—aside from the pleadings, Dkt. No. 1-1 at ¶ 13, and plaintiff Richard Cooley's deposition, Dkt. No. 41 at 141–195—is the testimony of their expert, Randall Franke, *id.* at 196–217. However, even Mr. Franke's testimony does not support the alleged vandalism theory. Mr. Franke could not provide any evidence of how or when water was poured into the transmission, and he could not say it was an intentional act. Dkt. No. 41 at 206–07. He also could not rule out other possible causes of water getting into the transmission like contaminated oil or an act of God. *Id.* at 208–09. The speculative vandalism supported by

further speculation does not raise a genuine dispute of material fact. The alleged vandalism is not a viable exception to the coverage exclusion because it is unsupported by the record, and the Cooleys did not address it in their response.

The Cooleys do not assert any additional potential exceptions under the Policy, and the record does not lend itself to any other exceptions. Without an applicable exception, the Kawasaki's damage falls squarely into the exclusion under "Special Perils to Farm Machinery." Dkt. No. 41 at 37. That is, the Policy does not cover loss or damage caused by mechanical failure or breakdown. *Id.* The Kawasaki's mechanical failure is, therefore, expressly excluded by the Policy. The Court grants State Auto summary judgment on the breach-of-contract claim.

### C. The Cooleys' negligence claim is not legally cognizable.

In addition to their breach-of-contract claim, the Cooleys also bring a negligence claim against State Auto. Dkt. No. 1-1 at ¶¶ 24–28. They allege that State Auto was negligent because it had a duty under the Policy to provide coverage but instead denied coverage based on its conclusion that the Cooleys breached the Policy. *Id.* at ¶¶ 25–26, 28. According to State Auto's reservation-of-rights letter, the Cooleys breached the Policy by failing to afford State Auto the opportunity to inspect and test the damaged property. Dkt. No. 41 at 118–120. The Cooleys assert that this alleged breach is pretext because State Auto had a duty to reasonably investigate their claim, and it did not do so. Dkt. No. 43 at ¶¶ 39–42.

Under Texas law, there is no cause of action for negligent claim-handling. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997). There is, however, "a duty on the part of the insurer to deal fairly and in good faith with an insured in

14

the processing of claims." *Id.* at 459 (citing *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). "[A] breach of the duty of good faith and fair dealing [] give[s] rise to a cause of action in tort that is separate from any [underlying breach of contract claim]." *Viles v. Sec. Nat. Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990).

Here, the Cooleys bring a simple negligence claim against State Auto, but their pleadings and response in opposition of State Auto's motion for summary judgment mimic a claim of breach of the duty of good faith and fair dealing. In fact, they rely on cases discussing the duty of good faith and fair dealing to support their argument that State Auto breached its duty to conduct a reasonable investigation. *See* Dkt. No. 43 at ¶¶ 39–42.

The duty of good faith and fair dealing requires an insurer to "investigate claims thoroughly and in good faith, and to deny those claims only after an investigation reveals there is a reasonable basis to do so." *Viles*, 788 S.W.2d at 568. But "[i]n order to sustain such a claim, the insured must establish the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim." *Higginbotham*, 103 F.3d at 459. If the insurer has a reasonable basis for denying the claim, then the insurer is not liable for the tort of bad faith. *Id.* A court may determine as a matter of law that the insurer did not breach the duty of good faith and fair dealing if the insurer had a reasonable basis to dispute the validity of the insured's claim. *See id.* at 460.

Given this precedent, the Cooleys do not have a legally cognizable tort claim for negligence or even for an alleged breach of the duty of good faith and fair dealing had they pled it. Again, a cause of action alleging that State Auto negligently handled the Cooleys' insurance claim is simply not recognized under Texas law. *Id.* And the record evidence

establishes that State Auto had a reasonable basis to deny the Cooleys' claim—the Kawasaki's damage was expressly excluded by the Policy. *See infra* Section 3.B. Therefore, State Auto's motion for summary judgment as to the Cooleys' negligence claim is granted.

> **D.   The Cooleys are not entitled to attorneys' fees because their breach-of-contract and negligence claims fail.**

The Cooleys also seek to recover attorneys' fees under Tex. Civ. Prac. & Rem. Code Section 38.001. Dkt. No. 1-1 at ¶ 31. A party must prevail on their breach-of-contract claim to be entitled to an award of attorneys' fees under Section 38.001. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 (5th Cir. 2000). Because the Cooleys cannot prevail on their breach-of-contract claim, their attorneys' fees are not recoverable for the same. The Court grants State Auto summary judgment as to the Cooleys' attempt to recover attorneys' fees.

## 4.   Conclusion

The Court grants State Auto's Motion for Summary Judgment in its entirety (Dkt. No. 39). The Policy expressly excludes the Kawasaki's damage, resulting from a mechanical failure due to water in the transmission. The Cooleys have not established that any exception to that exclusion brings their claim within the Policy's coverage. Therefore, there is no genuine dispute as to a material fact regarding the breach-of-contract claim. Likewise, the Cooleys fail to establish a legally cognizable negligence claim under Texas law. The law does not recognize a cause of action for negligent claim-handling, and the Cooleys have not identified a viable tort-based cause of action that is applicable here. Therefore, the Court also grants State Auto summary judgment on the Cooleys' negligence claim. Finally, because the Cooleys cannot raise a genuine dispute as to material fact on either claim, they also cannot recover attorneys' fees. For these reasons, the Court grants

State Auto's Motion for Summary Judgment (Dkt. No. 39).  A final judgment will issue separately.

So ordered on August 3, 2023.

                                                         JAMES WESLEY HENDRIX
                                                         UNITED STATES DISTRICT JUDGE